United States District Court
Southern District of Texas
**ENTERED**
December 31, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THANH-HUONG THI ABRY, | § § | CIVIL ACTION NO. 4:20-cv-02756 |
| Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| THE VANGUARD GROUP INC, | § § | |
| Defendant. | § | |

OPINION AND ORDER
GRANTING MOTION TO DISMISS

The motion by Defendant The Vanguard Group Inc to dismiss the claims of Plaintiff Thanh-Huong Thi Abry is granted. Dkt 27.

1.   Background

Thanh-Huong Thi Abry married Claude George Abry in September 1987. They resided in Texas for the majority of their marriage. Dkt 26 at ¶¶ 5–6.

Mr Abry established three annuity accounts and a brokerage account with Vanguard at some point during their marriage. He died in July 2018. The annuity accounts at that time cumulatively held approximately $1.1 million, and the brokerage account held approximately $2 million. Ms Abry alleges that the assets used to fund these accounts were community property. Id at ¶¶ 6–9.

Mr Abry initially designated Ms Abry as the pay-on-death (or *POD*) beneficiary for all three of the annuity accounts, without designating any POD beneficiary for the brokerage account. But he communicated new POD beneficiary designations to Vanguard two weeks before his

death. He named five relatives residing in France as the sole beneficiaries of the three annuity accounts and as half-beneficiaries of the brokerage account. He also designated Ms Abry as the beneficiary of the remaining half of the brokerage account. Consent from Ms Abry wasn't sought or obtained as to these changes. Id at ¶ 11.

Vanguard distributed the entirety of the annuity accounts to the relatives shortly after Mr Abry's death. Vanguard also disbursed half of the brokerage account to Ms Abry. It was prepared to distribute the remaining half to the relatives, but Ms Abry objected. Vanguard thus remains in possession of that residual balance. Id at ¶ 12.

Ms Abry brought action against Vanguard in August 2020. Dkt 1. Vanguard moved to dismiss pursuant to Rules 12(b)(6) and 12(b)(7) of the Federal Rules of Civil Procedure. Dkt 13. Ms Abry responded but then filed an amended complaint in January 2021. Dkts 23 & 26. She now asserts a claim against Vanguard for negligently distributing her property to third parties without her consent, while also seeking declaratory relief confirming her rights to the annuity and brokerage account funds. Dkt 26 at ¶¶ 17–19. She further requests damages of approximately $1.5 million along with attorney fees. Id at ¶¶ 20–21.

Vanguard once again moves to dismiss her claims pursuant to Rules 12(b)(6) and 12(b)(7). Dkt 27. As all claims will be dismissed for failure to state a claim, Vanguard's arguments regarding failure to join necessary parties under Rule 12(b)(7) needn't be considered.

2.   Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff's complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) allows a defendant to seek dismissal if the plaintiff fails "to state a claim upon which relief can be granted."

Read together, the Supreme Court holds that Rule 8 "does not require 'detailed factual allegations,' but it

demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v Iqbal*, 556 US 662, 678 (2009), quoting *Bell Atlantic Corp v Twombly*, 550 US 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, the complaint "must provide the plaintiff's grounds for entitlement to relief— including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v Taylor*, 503 F3d 397, 401 (5th Cir 2007), quoting *Twombly*, 550 US at 555.

A complaint must therefore contain enough facts to state a claim to relief that is plausible on its face. *Twombly*, 550 US at 570. A claim has *facial plausibility* "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 US at 678, citing *Twombly*, 550 US at 556. This standard on plausibility is "not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 US at 678, quoting *Twombly*, 550 US at 556.

Review on motion to dismiss under Rule 12(b)(6) is constrained. The reviewing court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Walker v Beaumont Independent School District*, 938 F3d 724, 735 (2019). But "courts 'do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.'" *Vouchides v Houston Community College System*, 2011 WL 4592057, *5 (SD Tex), quoting *Gentiello v Rege*, 627 F3d 540, 544 (5th Cir 2010). The court must also generally limit itself to the contents of the pleadings and its attachments. *Brand Coupon Network LLC v Catalina Marketing Corp*, 748 F3d 631, 635 (5th Cir 2014).

 3. Analysis

  a. Negligence

Ms Abry alleges that Vanguard "negligently distribut[ed] her property to third parties without her

consent." Dkt 26 at ¶ 17. Vanguard contends that it's immune from suit under section 113.209 of the Texas Estates Code and, alternatively, that it owes no legal duty to Ms Abry. Dkt 27 at 11.

i.  Statutory immunity

"A 'payable on death' or 'P.O.D.' account is an account with a financial institution that is payable to one or more named payees upon the account owner's death." *In re Estate of Perez-Muzza*, 446 SW3d 415, 422 (Tex App—San Antonio 2014, pet denied), citing *Stauffer v Henderson*, 801 SW2d 858, 863 (Tex 1990), and Tex Estates Code § 113.004(4). Texas law considers the payment of account funds to a POD beneficiary to be a nontestamentary transfer. *Perez-Muzza*, 446 SW3d at 422, citing Tex Estates Code § 111.052(b). This means that the proceeds "pass outside of probate proceedings and the personal representative of the decedent's estate has no authority with respect to them. Additionally, no rights to the proceeds accrue to those who would take under the decedent's will or through the laws of intestacy." *Perez-Muzza*, 446 SW3d at 422 (citation omitted).

Section 113.204 of the Texas Estates Code provides that payment of a valid POD account may be made, "on request, to the P.O.D. payee . . . on the presentation to the financial institution of proof of death showing that the P.O.D. payee survived each person named as an original payee." And section 113.209 of the Texas Estates Code "discharges the financial institution from all claims for those amounts paid regardless of whether the payment is consistent with the beneficial ownership of the account between parties, P.O.D. payees, or beneficiaries, or their successors" when a financial institution makes such a payment without objection "from any party able to request present payment."

*As to the annuity accounts*. Ms Abry doesn't dispute that the annuity accounts are valid POD accounts. Dkt 26 at ¶ 11; Dkt 30 at 2. Without question, then, those accounts are subject to payment pursuant to section 113.204. Beyond this, Ms Abry doesn't allege that Vanguard failed

4

to adhere to the requirements of section 113.204 or that she gave Vanguard written notice objecting to the disbursement. See Dkt 26 at ¶¶ 12–13; Dkt 30 at 2–3. And so, section 113.209 provides Vanguard immunity from a negligence claim in this regard.

Ms Abry maintains to the contrary that section 113.209 doesn't provide Vanguard immunity from *this suit* because a financial institution is only protected against claims brought by a party, a POD payee, a beneficiary, or a successor of one of them. And she is none of those. Dkt 30 at 11.

The argument is contrary to the text. Section 113.209 is phrased in terms of "all claims," and it means exactly that—*all claims*. That phrase then connects to the term "regardless," which respected definitional treatises define as "without regard to." See Bryan A. Garner, *Modern Legal Usage* 747 (Oxford UP 2nd ed 1995); Bryan A. Garner, *Garner's Modern English Usage* 780 (Oxford UP 4th ed 2016). Section 113.209 thus dictates that a financial institution is insulated against "all claims" "without regard to" whether "the payment is consistent with the beneficial ownership of the account between the parties, P.O.D. payees, or beneficiaries, or their successors." This plainly isn't a textual restriction to claims brought by these categories of individuals. It's instead precisely the opposite. It bars *all* claims *including* those brought by parties, POD payees, beneficiaries, and their successors.

The claim by Ms Abry for negligence as to the annuity accounts will be dismissed.

*As to the brokerage account*. A POD account requires "a written agreement signed by the original payee" to be valid. Tex Estates Code § 113.152(a). And Ms Abry alleges that no such agreement exists for the brokerage account. Dkt 26 at ¶ 11. This means that she has sufficiently pleaded that the brokerage account wasn't a valid POD account.

Vanguard thus can't benefit from the protections afforded by section 113.209 as to this account (at least at this stage).

ii.   Duty under negligence

To sustain a negligence action, a plaintiff must show "the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach." *IHS Cedars Treatment Center of DeSoto, Texas, Inc v Mason*, 143 SW3d 794, 798 (Tex 2004). "Whether a duty exists is a question of law for the court." *Owens v Comerica Bank*, 229 SW3d 544, 547 (Tex App—Dallas 2007, no pet). "In determining whether a duty exists, a court must consider factors such as risk, foreseeability, conduct, the magnitude of the burden of guarding against the injury, and the consequences of placing the burden on the defendant." Ibid. "Texas law generally imposes no duty to take action to prevent harm to others absent certain special relationships or circumstances." *Torrington Co v Stutzman*, 46 SW3d 829, 837 (Tex 2000). A financial institution thus typically owes no duty to "someone who is not a customer and with whom the bank does not have a relationship." *Owens*, 229 SW3d at 547.

It's undisputed that Ms Abry had no contractual relationship with Vanguard. Dkt 26 at ¶ 9. And Ms Abry affirms that she isn't "pursuing any rights as an heir of Decedent or beneficiary of his estate, or the Disputed Accounts." Dkt 30 at 5. Rather, she "seeks relief with respect to Vanguard's disposition of property that, as Vanguard knew, was hers by right, not derivatively through Decedent." Ibid. By this she maintains a claim in negligence, arguing that Vanguard owed her a duty of care as to any community property share she had in the subject accounts, see Dkt 30 at 6–11, or that the Texas Estates Code doesn't preclude such a claim, see id at 11–12.

Ms Abry argues that Vanguard should have inferred that the accounts were community property based on its knowledge that she was Mr Abry's wife and that the couple resided in Texas. Dkt 26 at ¶ 10; Dkt 30 at 7. But she cites no case—from Texas or elsewhere—imposing a duty on financial institutions to determine whether funds in accounts held *individually* constitute community property. Nor does she cite any authority requiring financial

institutions to presume that an individual account constitutes community property if the holder is married. The Court declines to find that Vanguard owed Ms Abry such a duty or must make such a presumption in the absence of persuasive authority from Texas.

Any contrary ruling would plainly impose a substantial burden (of unknown contours and difficulty) on financial institutions operating in Texas, requiring them to divine whether funds in a decedent's individual account could *potentially* be partially owned by a noncustomer spouse. Public policy in Texas also appears to weigh against imposition of any such duty, even beyond the provisions of section 113.209 of the Texas Estates Code. For example, see *Clark v Wells Fargo Bank*, 2010 WL 2306418 (Tex App—Houston [1st Dist], no pet) (declining to impose duty by financial institutions to heirs); *Owens*, 229 SW3d 544 (declining to impose duty by financial institutions to noncustomers harmed by fraudulent accounts); *Guerra v Regions Bank*, 188 SW3d 744 (Tex App—Tyler 2006, no pet) (declining to impose duty by financial institutions to individuals with whom it "had no relationship" and of whom it had no knowledge).

Ms Abry cites *Grebe v First State Bank of Bishop*, 150 SW2d 64, 68 (Tex 1941), and *Midwest Feeders Inc v Bank of Franklin*, 886 F3d 507, 518–19 (5th Cir 2018), for the proposition that a financial institution may owe a duty to a noncustomer "where there is a fiduciary relationship between the customer and the non-customer, the financial institution knows or ought to know of the fiduciary relationship, and the financial institution knows the customer's malfeasance towards the customer." Dkt 30 at 9–10. But Vanguard here would only know of Mr Abry's alleged malfeasance (fraud on the community) if it had a duty to ascertain whether the funds in his account were community property. As determined above, Texas law doesn't impose such a duty.

The claim by Ms Abry for negligence with respect to the annuity accounts and (to the extent alleged, since the funds

haven't been disbursed) the brokerage account will thus be dismissed.

### b.   Declaratory Relief

Ms Abry also seeks a declaration pursuant to 28 USC § 2201 on various issues regarding the annuity and brokerage accounts. As to the brokerage account, she seeks a declaration that the remaining funds are hers upon allegation that there's no written agreement signed by Mr Abry concerning ownership upon his death. As to both the brokerage and annuity accounts, she seeks a declaration essentially stating that portions of the accounts are community property that Mr Abry couldn't dispose of without her consent, and those portions should thus be paid over to her. Dkt at 26 ¶¶ 18–19.

Declaratory relief as to the annuity accounts is barred by section 113.209 of the Texas Estates Code for the reasons specified above. And further, declaratory relief can't be obtained as to either the brokerage or annuity accounts because Vanguard owes her no legal duty to first determine whether the accounts at issue are community property.

The request for declaratory relief will be dismissed.

### 4.   Potential for repleading

Rule 15(a)(2) states that a district court "should freely give leave [to amend] when justice so requires." The Fifth Circuit holds that this "evinces a bias in favor of granting leave to amend." *Carroll v Fort James Corp*, 470 F3d 1171, 1175 (5th Cir 2006) (quotation marks and citation omitted). But the decision whether to grant leave to amend is within the sound discretion of the district court. *Pervasive Software Inc v Lexware GmbH & Co KG*, 688 F3d 214, 232 (5th Cir 2012). It may be denied "when it would cause undue delay, be the result of bad faith, represent the repeated failure to cure previous amendments, create undue prejudice, or be futile." *Morgan v Chapman*, 969 F3d 238, 248 (5th Cir 2020).

Ms Abry has already amended her complaint in response to a substantially similar motion to dismiss by

8

Vanguard. See Dkt 13. And it has now been determined that Vanguard owes her no duty. Further amendment would thus be futile.

The claims brought by Ms Abry will be dismissed with prejudice.

### 5. Conclusion

In sum, Vanguard is the wrong party to this action. If Ms Abry believes that her deceased husband perpetrated fraud on the community because the subject accounts contained community property, her recourse must be against the individuals to whom Vanguard contractually disburses the funds—not against Vanguard itself.

The motion by Defendant The Vanguard Group Inc to dismiss is GRANTED.

The claims brought by Plaintiff Thanh-Huong Thi Abry are DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.


Signed on December 31, 2021, at Houston, Texas.


Hon. Charles Eskridge
United States District Judge